CARY P. WESTON v. JOHN L. ROPER LUMBER COMPANY.

(Filed 21 February, 1912.)

### 1. Injunction—Trespass—Contempt of Court.

A party going upon lands claimed by plaintiff, described in the complaint by metes and bounds, after an injunction had been issued thereon, and cutting timber in violation of the order granted, commits a contempt of court.

### 2. Injunction—Contempt of Court—Duty of Party Enjoined.

An injunction of the courts must be obeyed implicitly, according to its spirit and in good faith; and the party enjoined must do nothing, directly or indirectly, that will render the order ineffectual, either in whole or in part.

### 3. Injunction—How Considered—Contempt of Court.

In deciding whether there has been an actual breach of an injunction, it is important to consider the objects for which relief was granted, as well as the circumstances attending it, and the violation of the spirit of an order or writ, even though its strict letter may not have been disregarded, is disobedience of the mandate of the court.

### 4. Injunction—Contempt—Motive.

A party having been enjoined from cutting timber on lands the title to which was in dispute, cannot justify his disobedience to the order upon the ground of a proper motive; for the motive, whether good or bad, is not material.

### 5. Injunction—Trespass—Location—Specific Findings.

A party who has violated the mandate of an injunction by cutting timber upon the lands described, cannot complain that the findings of the lower court imposing the punishment were not more specific or more in accordance with the probative force and full significance of the evidence, when they are favorable to him.

### 6. Injunction—Contempt of Court—Advice of Counsel—Punishment.

The defense in a proceeding for contempt of court in the violation of the mandate of an injunction, that the party enjoined acted under the advice of counsel, will not avail the respondent, and it will only be considered by the judge in imposing the punishment for the disobedience of the order.

Appeal from *Cline, J.,* at Camden Court, 5 September, 1911.

This is a proceeding for contempt. Respondents were attached for contempt, convicted and fined $250 each for disobeying an injunction order of the court.

The complaint alleges ownership by plaintiffs of two tracts of land, known as Lots Nos. 1 and 4 in the division of New Lebanon. It is conceded that the defendant owns lots designated as Nos. 2 and 3 in the division, and upon the complaint, used as an affidavit, *Judge Whedbee* restrained defendant, its servants, agents, and employees, from going upon the land described in the complaint, for any purpose. It was further ordered that the defendant appear before *Judge Ward* and show cause why the restraining order should not be continued.

At the hearing the injunction was modified by *Judge Ward* as follows: "It is ordered that the temporary restraining order heretofore granted be changed and modified so that the defendant, its servants and agents, may continue the use and operation of its logging railroad as now located over and upon the land described in the complaint, pending the hearing of this cause upon its merits; and said restraining order is vacated in so far as it prevents the use and operation of said railroad by the defendant. On motion of the plaintiff, it is ordered that the injunction heretofore granted as to the cutting and removal of the timber from the land described in the complaint be continued to the hearing, except that defendant may remove the logs cut and now lying upon the land."

It appears from the case that, upon application of the plaintiff, which was supported by affidavits to the effect that the respondents had violated the injunction order by cutting timber on the land in dispute, *Judge Ward* issued an order to the respondents to show cause, before *Judge E. B. Cline,* why they should not be attached for contempt. This order was served, and at the hearing *Judge Cline* found the facts, and among others that the respondents had cut timber on land claimed by the plaintiff, "being the land covered and protected by the former order of injunction; and, further, that they continued to cut the timber on said land after the order of *Judge Ward* had been served upon them."

*Judge Cline,* therefore, adjudged them in contempt, and imposed a fine of $250 upon each of them. Respondents excepted and appealed.

*Aycock & Winston for plaintiff.*

*A. D. McLean, J. K. Wilson, and W. M. Bond for defendant.*

WALKER, J. It is apparent from the findings of *Judge Cline* that the respondents undertook, by themselves and without the acquiescence of the plaintiff or the sanction of the court, to survey and locate the lines of Tract No. 1, and upon their own location of the boundaries to cut timber within what his Honor designates in his findings as "disputed territory." There was a contest between the parties as to the location of the land, and the injunction was issued in order to preserve the *status quo* until the dispute could be settled. It cannot well be questioned that respondents knew that they were cutting timber on the land *claimed* by the plaintiff—that is, on the land in controversy. The plaintiff, in his complaint, alleged that he owned Lots 1 and 2 of the land known as New Lebanon, and that defendants had entered thereon and cut therefrom a large quantity of timber, and were still engaged in doing so. The land claimed by the plaintiff, if we stop at the complaint, is that described as the land upon which the defendant and its corespondent and superintendent, at that time, were cutting timber. They were restrained by the order of *Judge Whedbee* from cutting any more on that land, and, by the modified order of *Judge Ward,* from cutting any timber from *that* land, or removing any except that already cut.

In the affidavits of J. T. Ansell and J. J. Watson, it was alleged that they were still cutting timber at that place, and, upon those affidavits, *Judge Ward* issued his second order, requiring them to show cause why they should not be attached for contempt for disobeying the order in the manner stated in said affidavits. Even after this warning, they continued to cut at the same place. In addition to this, *Judge Cline* has found as facts that they proceeded arbitrarily to locate the line and then cut timber on Tract No. 1, as claimed by the plaintiff, and in disregard of the order forbidding them to do so. If such a proceeding should be permitted, the orders of the court could easily be set at naught and the rights of parties litigant greatly prejudiced.

This case is not unlike *Davis v. Fiber Co.*, 150 N. C., 84, in which, referring to a similar state of facts, *Justice Hoke* said: "The court finds, and there was ample evidence to sustain the finding, as follows: 'I find that since the restraining order made as aforesaid was duly served upon the said Champion Fiber Company, it and its superintendent of the woods department, Harry Rotha, under the advice of counsel, have undertaken to arbitrarily locate the Cathcart line to suit their own purposes, and have willfully and intentionally continued to cut and carry away timber trees situate and being on the land claimed by plaintiffs and embraced in the restraining order, just as they were doing before the issuing of said order.' And on this finding we are of opinion that the defendants were properly adjudged guilty of contempt. It is contended that the preliminary restraining order is not sufficiently definite in its terms to authorize the judgment, but we cannot take that view of the order when considered in connection with the evidence in the case and the findings of the judge thereon. The description of the land was fully set forth in the complaint by metes and bounds. The allegations in the complaint that the 'defendants had wrongfully entered and trespassed upon said lands,' by fair and reasonable intendment could only refer to the location as claimed by plaintiffs."

We have high authority for saying that a party enjoined must not do the prohibited thing, nor permit it to be done by his connivance, nor effect it by trick or evasion. He must do nothing, directly or indirectly, that will render the order ineffectual, either wholly or partially so. The order of the court must be obeyed implicitly, according to its spirit and in good faith. Rapalje on Contempt, sec. 40. The motive for violating the order is not considered in passing upon the question of contempt, and the respondent cannot purge himself by a disavowal of any wrong intent. It is the fact of his obedience that alone will be considered. Section 42. *Baker v. Cordon,* 86 N. C., 116. In deciding whether there has been an actual breach of an injunction, it is important to consider the objects for which relief was granted, as well as the circumstances attending it, and it is to be observed that the violation of the spirit of an order

or writ, even though its strict letter may not have been disregarded, is a breach of the mandate of the court. 2 High on Injunctions (4 Ed.), sec. 1446; *Campbell v. Tarbell,* 55 Vermont, 455; *Loder v. Arnold,* 15 Jur., 117. The respondents may have honestly believed that the land, upon which they cut the timber, belonged to the defendant; but that is not the question. They had been forbidden to cut on land in dispute until the controversy was settled, and this order they violated. Having found this fact, the motive, whether good or bad, for doing the forbidden thing became immaterial. The court might well have found from the affidavits that the respondents had cut timber on Lot No. 1, as described in the complaint, but they cannot complain that the finding was not more specific or more in accordance with the probative force and full significance of the evidence, as the finding, if thus defective, is in that respect favorable to them. Nor will the advice of counsel avail the respondents in justification of their conduct. It may be considered by the judge in imposing punishment for the disobedience of the order, but it is no defense to the rule. Rapalje, sec. 49. When a party acts upon the advice of his attorney in such a case, he does so at his peril. It was suggested by plaintiff's counsel that the respondents did not make a full disclosure to their attorney; but however this may be, they cannot profit by the advice if they actually violated the order.

No error.