CORA M. BACON vs. ONSET BAY GROVE ASSOCIATION & another.

Plymouth.   December 4, 1933. — May 26, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Agreed statement of facts, Waiver of defects in procedure, Decree. *Equity Jurisdiction*, Contempt.

By submission to the court, upon an agreed statement of facts without reservation, of a petition for a citation for. contempt of a decree in equity, the parties waived all objections to forms of procedure.

Upon a petition for citation for contempt of a final decree in a suit in equity, the question, whether that decree restrained a reasonable use of land which would not impair the rights of the petitioner was not open: the merits of the original suit were not open.

The final decree, entered after rescript from this court in *Bacon v. Onset Bay Grove Association*, 241 Mass. 417, by its words expressed the plain implication that the Pavilion Park, to which it related, was to be restored to its state of natural beauty and was not thereafter to be marred in that particular by certain described forbidden conduct, and therefore acts in contempt of court were committed by the construction and maintenance thereon of the following:

(1) A miniature golf course and a system of illumination with posts and electric wiring;

(2) A shuffle board game;

(3) A loud speaker on a post;

(4) An advertising sign twelve feet high and fifteen feet wide;

(5) A tent.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Plymouth on March 28, 1921, and afterwards amended, against Onset Bay Grove Association and William Warr, seeking the establishment of an alleged right of the plaintiff to an equitable or other easement in and upon a parcel of land, known as Pavilion Park, in that part of Wareham called Onset as appurtenant to an adjoining parcel owned by the plaintiff, requiring that Pavilion Park forever be maintained and kept open as indicated on a plan, thus affording an attractive view of Onset Bay and direct and convenient access to the shores thereof; that the defendants

be enjoined from cutting down any trees, making any excavations, carrying on any building operations or making any preparations therefor in or upon Pavilion Park, or in any other wise interfering with the plaintiff's right to have it maintained in accordance with her easement; that the defendants be ordered to restore Pavilion Park, in so far as it was possible to do so, to the condition in which it was previous to alleged infringements of the plaintiff's easement by the defendants; and for damages.

Following the decision reported in 241 Mass. 417, the final decree described in the opinion was entered.

On August 26, 1932, the plaintiff filed the petition for citation for contempt described in the opinion, seeking process also against Community Theatres, Inc., which, he alleged, the defendant Warr had formed "as a subterfuge and means of avoiding the decree." The case was submitted to *Wait*, J., upon the pleadings and an agreed statement of facts. Paragraph 4 of that statement described the structures and lighting of the miniature golf course, also described in the opinion; paragraph 8, the shuffle board game; paragraph 10, the loud speaker; paragraph 11, the advertising sign; and paragraph 13, the tent.

Findings by the single justice are stated in the opinion. He reported the case for determination by the full court.

*T. W. Prince*, for the respondents.

*S. W. Saltmarsh*, for the petitioner.

RUGG, C.J.  The plaintiff seeks by this petition, filed on August 26, 1932, to have the defendants adjudged in contempt of a final decree entered on July 11, 1922, after rescript pursuant to decision in *Bacon* v. *Onset Bay Grove Association*, 241 Mass. 417, where at page 419 is a plan showing all the real estate involved. In that decree was an injunction perpetually restraining the defendants and each of them and their agents, servants or attorneys from making any excavations and "from erecting or maintaining any other building or structure on Pavilion Park or committing any other acts which will impair, effect [*sic*] or interfere with the plaintiff's outlook and view which she now has from lot numbered 226 owned by her" and "from committing any act in said Pa-

vilion Park which will impair or substantially effect [*sic*] the right and easements in said Park vested in the plaintiff as owner of lot numbered 226." The decree also ordered the defendants and each of them "forthwith to remove all foundations and other structures erected or constructed by them or either of them during the year 1921 upon any part of said Pavilion Park; and to refill said excavations and restore the premises in so far as it is possible to do so to the condition in which they were before the trees were cut down and the excavations and other building operations commenced by the defendants or either of them; by filling said excavations, removing stumps of trees cut down, restoring said parcel to its former grade, re-sodding or sowing with grass seed the portions of said parcel affected by said excavations or other actions of the defendants incidental thereto, setting out new trees in the place or substantially in the place of those cut down by the defendants aforesaid, and by removing all building materials, tools, machinery and other equipment." The case was submitted to the court upon an agreed statement of facts. Its concluding statement is that the question to be determined is whether on these facts any of the defendants is guilty of contempt of the final decree of July 11, 1922.

Submission of the case upon an agreed statement of facts without reservation is a waiver by the parties of all objections to the forms of procedure. *Russell* v. *Loring*, 3 Allen, 121, 125.

The facts material to this decision are these: The defendants had notice of the decree. In May, 1931, they permitted a miniature golf course to be constructed on Pavilion Park at the intersection of Onset and Union avenues. This consisted of mounds, excavations, miniature fairways and artificial landscaping, together with a system of illumination using poles fifteen feet in height, drop lights and a network of electric wiring. From June, 1932, to date, the defendant Community Theatres, Inc., has operated this golf course. At about that date it also excavated, installed and erected on Pavilion Park opposite the plaintiff's property, a shuffle board game, so called, with a similar system of illumination and a solid foundation with two alleys, each about four feet

wide by forty feet long, on which to play the game, and has operated the same during 1932. At about that date it erected on Pavilion Park a loud speaker on a twelve-foot post, electrically operated from morning to midnight every day and night. This advertised its programs and could be heard plainly from the plaintiff's house. At about the same time the defendants permitted the erection of an advertising sign twelve feet high by fifteen feet wide on that part of Pavilion Park formerly occupied from 1881 to 1921 or 1922 by an auditorium or pavilion. For three weeks each August from 1927 through 1932, the defendants permitted the erection of a tent forty feet wide, sixty feet long and twenty feet high on Pavilion Park directly opposite the plaintiff's house. The single justice who heard the case found that the defendants are guilty of contempt in violating the July 11, 1922, decree by permitting the erection of the tent, the advertising sign and loud speaker, and by allowing the maintenance of the posts and lights in connection with the golf course and shuffle board game. He then reported the case, with the proviso that, if correct, his findings are to stand; but, if wrong, such findings are to be entered as law and justice may require.

The only issues argued by the defendants are that (1) the lighting of Pavilion Park by posts and lights and (2) the erection and maintenance of the sign do not constitute violations of the decree of July 11, 1922.

There was no error in adjudging the defendants guilty of contempt. The various acts shown by the agreed facts to have been committed by the defendants and included in the finding as amounting to contempt were in direct violation of the terms of the decree of July 11, 1922, as already quoted. The posts for the elaborate system of illumination could not have been set up as a practical matter without making excavations and maintaining structures in the face of positive prohibition. The defendants contend that the various uses and acts committed by them in the two particulars argued by them are reasonable and therefore not impairments of the easement of the plaintiff. The sole point to be considered is whether the decree

of July 11, 1922, has been violated. *Irving & Casson-A. H. Davenport Co.* v. *Howlett,* 229 Mass. 560. Whether that decree restrained a reasonable use of the land which would not impair the rights of the plaintiff is a matter not open on these proceedings for contempt. *Hamlin* v. *New York, New Haven & Hartford Railroad,* 170 Mass. 548, 551. If the injunction was too broad the defendants cannot raise that point at the present stage of this petition. The merits of the original suit are not open for examination.

The plaintiff contends that the decision of the single justice did not go far enough in that the construction and maintenance of the miniature golf course and the shuffle board game are also in violation of the decree. That contention is based on the prohibition against "making any excavations" on the park and the mandate to refill excavations made by them and to regrade, to resod, or to sow with grass seed portions of the park theretofore mutilated by them, and thus to restore it to its condition before the defendants began operations. The decree by its words expresses the plain implication that the park was to be restored to its state of natural beauty and must not thereafter be marred in that particular by the forbidden conduct. It is clear also that the excavating for the miniature golf course and the construction of its artificial mounds and other appurtenances and incidentals, and the alleys forty feet in length, are violations of the decree. They involved excavations and in some particulars interference with the view from the estate of the plaintiff.

The defendants have all appeared generally and joined in a single brief. See *Peabody Gas & Oil Co.* v. *Standard Oil Co. of New York,* 284 Mass. 87. They have raised no question but that all are liable if any is liable. *Armstrong Cork & Insulation Co.* v. *Walsh,* 276 Mass. 263, 273. *Daly* v. *Amberg,* 126 N. Y. 490. *Fowler* v. *Beckman,* 66 N. H. 424. *In re Reese,* 47 C. C. A. 87. *Seaward* v. *Paterson,* [1897] 1 Ch. 545. *In re Lennon,* 166 U. S. 548.

The findings of the single justice are to be modified so as to declare that the acts of the defendants in paragraphs 4, 8, 10, 11 and 13 of the agreed statement of facts are in

violation of the decree of July 11, 1922, and the case is continued for sentence to such time as the parties agree or the court on motion may order.

*Ordered accordingly.*