BARNHILL, J., took no part in the consideration or decision of this case.
The appellant was adjudged in contempt of court for interfering with and obstructing a receiver who had been appointed by the Superior Court of Pitt County and who was attempting to take possession of certain property pursuant to an order of court.
The material findings of fact and the judgment of the court below thereon are as follows:
"This cause coming on to be heard before his Honor, E. H. Cranmer, judge presiding at the April Term, 1937, of Pitt Superior Court, and being heard upon the petition of Joseph W. Bailey, receiver, and the order of the court duly issued herein citing the defendant D. M. Roberson to appear at the courthouse in Greenville at 1:30 p.m. on 22 March, 1937, and show cause, if any he has, why he shall not be attached for contempt on account of the matters and things set forth in the report and petition of the receiver, said matter having been continued by consent to be heard at the present term of said court, and being heard, the court finds the following facts, to wit:
"That at the October Term, 1936, in the above entitled action an order was duly entered appointing J. W. Bailey receiver to take charge of and possess himself of the effects and properties of the said defendant *Page 335 
D. M. Roberson wherever the same might be found, and authorizing and directing said receiver, upon giving bond to be approved by the clerk of this court in the sum of one thousand ($1,000) dollars, `to enter into and take possession of the slaughter house property and business of the defendant, purported to have been leased to H. G. Young, together with all of the stock, provisions and equipment of said business, and is authorized, empowered and directed to operate said business as receiver of this court, and said receiver is authorized, empowered and directed to institute such action as may be necessary to vacate and set aside lease and any other instruments appearing of record which, in the opinion of the receiver, were executed by the defendant for the purpose of defrauding his creditors, and particularly the deed of trust purporting to secure defendant's wife for an alleged indebtedness to her, which deed of trust is referred to in the examination had before the referee, and the said receiver is further authorized, empowered and directed to possess himself of all the property and effects of the defendant, wherever same may be found and of whatever nature they may be, and is authorized, empowered and directed to take charge of and possess himself of any bank account of the aforesaid slaughter house business, and presentation of a certificate copy of this order shall be sufficient order to any such bank, where any such deposit may be carried, to deliver the same to the receiver.'
"That said receiver duly qualified by giving bond in the sum of one thousand ($1,000) dollars, as required, with the United States Fidelity and Guaranty Company as surety, which said bond was duly approved by the clerk of this court.
"That the defendant excepted to said order and appealed to the Supreme Court, but said appeal was never perfected and was abandoned by the defendant.
"That a certified copy of the order of receivership was duly filed in the office of the clerk of the Superior Court of Martin County, where the judgment debtor resides, as provided in the order of receivership and by statute in such case made and provided.
"That on 10 March, 1937, J. W. Bailey, the receiver theretofore appointed by Judge Sinclair entered in and upon the premises of the slaughter house of the defendant D. M. Roberson, then and there advising the defendant D. M. Roberson that he had come for the purpose of executing the order of Judge Sinclair, and for the purpose of taking charge of the slaughter house property; and thereupon the defendant D. M. Roberson, in utter and complete defiance of the order of receivership, and in contempt thereof, contemptuously and violently cursed and abused the receiver, accusing said receiver of graft or attempted graft, and that but for the fact that the receiver was acting pursuant to an *Page 336 
order of the court he would then and there whip said receiver, and that when the matter was settled he was going to whip him, and then and there, by his insults and profane abuse and intimidation of the receiver, contemptuously and in utter defiance of the order of this court, prevented the receiver from taking possession of the slaughter house property, as in said order of Judge Sinclair directed; and by reason of the aforesaid willful, contemptuous and unlawful abuse of the receiver by the defendant the receiver was compelled to desist from his purpose to execute the order of Judge Sinclair, and since said time, by reason of the aforesaid willful and contemptuous conduct of the defendant, has been prevented from executing the order of receivership and from taking possession of the property of the defendant, as in the order of this court directed.
"Upon the foregoing findings of fact, the court being of the opinion that the acts and conduct of the defendant, as above set forth, were contemptuous and in utter defiance of the orders of this court, and that the defendant for said conduct ought to be adjudged in contempt of this court.
"It is now, therefore, considered, ordered and adjudged that the defendant be and he is hereby declared to be in contempt of this court, and he is hereby fined the sum of one hundred fifty ($150.00) dollars for such contempt, which amount shall be forthwith paid into the office of the clerk of this court for the use of the public school fund, and if he fail to pay said fine, it is ordered and directed that defendant be committed to jail to remain therein until said fine is paid, or be otherwise discharged by law."
From the judgment rendered, defendant D. M. Roberson appealed.
The facts found by the judge are supported by the affidavits and are sufficient to constitute contempt of court, and to sustain the judgment.
The order appointing the receiver was made after due notice to appellant, in a cause then pending in Pitt County, by a court which had jurisdiction of the parties and of the subject matter, and authorized and directed the receiver to take possession of certain real property in Martin County. This order was filed in the Superior Court of Martin County where the property was situated and the judgment debtor resided, in compliance with the statutes, C. S., 724, and C. S., 722. This order was not void and was entitled to respect by the appellant, who *Page 337 
was a party to the cause. If the order were in any respect erroneous, he should have perfected his appeal therefrom.
Willful disobedience and resistance to a lawful court order on the part of one who, as a party and by notice served, is fixed with knowledge, comes within the purview of the statutes defining contempt of court, and is punishable as such. C. S., 978; Fleming v. Patterson, 99 N.C. 404;Delozier v. Bird, 123 N.C. 689; In re Railroad, 151 N.C. 467; Weston v.Lumber Co., 158 N.C. 270; Rapalje on Contempt, secs. 16, 24.
The general rule is stated in 13 Corpus Juris, p. 21, as follows: "As a receiver is an officer of the court, and his possession is the possession of the court, any interference with, or disturbance of, his possession without permission of the court subjects the disturber to punishment for contempt."
Judgment affirmed.
BARNHILL, J., took no part in the consideration or decision of this case.