J. P. WILLIAMSON ET AL. v. CITY OF HIGH POINT ET AL.

(Filed 4 January, 1939.)

1. Contempt of Court § 5—

Upon the hearing of an order to show cause why defendant should not be held in contempt for violation of a decree of court, the sole question before the court is whether the decree has been violated, and the court correctly disregards defendant's prayer for modification of the decree.

**2. Contempt of Court § 2b—Finding that defendant's second undertaking was materially different from one restrained held to support order discharging rule for contempt.**

Final decree was entered restraining a municipality from constructing "the proposed power plant and electric system" described in the complaint, or doing any act in furtherance thereof, the basis of the decree being that the proposed plant was *ultra vires* the city. Thereafter the council of the city passed a resolution authorizing the construction of a power plant on the same site as originally proposed, and this contempt proceeding was instituted. Defendant alleged and the court found that the second proposed plant differed materially from the first in "purpose of construction, productive capacity, and important physical features." *Held:* The allegations and findings of dissimilarity between the two undertakings supports the action of the court in discharging the rule for contempt.

APPEAL by intervening plaintiff, Duke Power Company, from *Bivens, J.,* at May Term, 1938, of GUILFORD.

Proceeding in civil contempt for violation of injunction.

The facts are these:

1. Final judgment on the certificate and opinion of the Supreme Court (reported in 213 N. C., 96) was entered at the February Term, 1938, Guilford Superior Court, permanently enjoining and restraining the defendants "from constructing the proposed power plant and electric system described in the intervening plaintiff's complaint filed herein, and from issuing the proposed bonds or doing any other act or thing in furtherance of the construction of said power plant and electric system."

2. Thereafter, on 27 April, 1938, the council of the city of High Point passed a resolution authorizing the construction of a hydroelectric light and power plant by the city of High Point on the same site as originally proposed, but differing materially in respect of "purpose of construction, productive capacity, and important physical features," from the proposed power plant and electric system described in the intervening plaintiff's complaint filed herein.

3. On the same day, the plaintiff, J. P. Williamson, deeming said resolution to be in violation of the injunction and final decree entered herein, called the matter to the attention of the court by affidavit "for such action as the court may deem proper in the premises."

4. Upon this affidavit, a rule to show cause was entered and duly served on the defendants.

5. The defendants answered, denied any violation of the injunction, and alleged that the resolution of 27 April, 1938, authorizing the construction of an electric light and power plant for the defendant city "is for a new and altogether different project from the one referred to in said final decree." They asked that the rule be discharged and that "the

decree of the Superior Court entered at the February 7, 1938, Term of court be modified so as to reflect the true facts as they now exist."

6. To this answer, the intervening plaintiff replied, denied the power of the court to hear the matters set out by the defendants, and prayed for an appropriate order to enforce the decree previously entered.

The court found the facts as contended for by the defendants, adjudged each of the defendants not guilty of contempt, and dismissed the writ.

The intervening plaintiff, Duke Power Company, appeals, assigning errors.

*Roberson, Haworth & Reese, W. B. McGuire, Jr., and W. S. O'B. Robinson, Jr., for intervening plaintiff, appellant.*
*G. H. Jones and Roy L. Deal for defendants, appellees.*

STACY, C. J. The position of appellant that the court was without authority to modify the decree entered at the February Term is correct. *Yerys v. Ins. Co.,* 210 N. C., 442, 187 S. E., 583; *Southerland v. R. R.,* 148 N. C., 442, 62 S. E., 517; 32 C. J., 506. The basis for the final decree was, that the original undertaking "goes far beyond the powers conferred by the Revenue Bond Act of 1935, and is *ultra vires.*" But as we understand the record, the defendants' prayer to this effect was disregarded, and rightly so.

The sole question before the Court was whether the final decree entered at the February Term has been violated. *Bacon v. Onset Bay Grove Assn.,* 286 Mass., 487, 190 N. E., 713; *Barrone v. Moseley,* 144 Ky., 294, 137 S. W., 1048. The allegation and finding of dissimilarity between the two undertakings appears sufficient to support the action of the court in discharging the rule for contempt. This is the only question presented by the appeal.

Adequate cause for disturbing the judgment and entering one in favor of appellant has not been made to appear on the present record.

Affirmed.