ROSE'S STORES, INC., v. TARRYTOWN CENTER, INC., AND TARRYTOWN DEVELOPMENT COMPANY.

(Filed 3 May, 1967.)

**1. Judgments § 18; Contempt of Court § 3—**

Where neither party appeals from a valid temporary restraining order issued in the cause, both parties are bound to respect the terms of the order.

**2. Contempt of Court § 8—**

The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence, and are re-

ROSE'S STORES *v.* TARRYTOWN CENTER.

viewable only for the purpose of passing on their sufficiency to warrant judgment.

**3. Contempt of Court § 6— Evidence held sufficient to support finding that defendant wilfully violated terms of prior restraining order.**

Order was issued in the cause enjoining defendant from interfering with the use of a driveway to a service entrance of the store leased by plaintiff from defendant. On the hearing of the order to show cause why defendant should not be punished for contempt, there was evidence that sliding doors were erected across the driveway in defendant's mall so that a watchman was required to open the doors successively when a vehicle proceeded on the driveway through the mall, that, on occasion, the driveway was broken up and covered with dirt, that trucks, ladders and building materials were left in the driveway, and that for a period of time strings were put across the driveway. *Held:* The evidence was sufficient to support a finding that the acts "interfered with, obstructed, delayed and prevented the free flow of vehicular and pedestrian traffic along said driveway" in violation of the terms of the prior restraining order, and, since the premises were under the control of defendant, that defendant had wilfully violated the terms of the order, the motives of defendant and whether it intended to show contempt for the court being immaterial.

**4. Contempt of Court §§ 2, 3—**

Criminal contempt must be based on acts already accomplished, committed in the actual or constructive presence of the court which tended to interfere with the administration of justice; civil contempt must be based on acts constituting a wilful violation of a lawful order of the court, continuing in nature, so that punishment is for the purpose of preserving and enforcing the rights of private parties to suits and to compel obedience to orders and decrees made for their benefit. The distinction between civil and criminal contempt is material, since there is a difference in procedure, punishment and review. G.S. 5-1, G.S. 5-2, G.S. 5-5, G.S. 5-7, G.S. 5-9.

**5. Contempt of Court § 8—**

An order entered in civil contempt to coerce respondent's obedience to a court order is appealable. G.S. 5-8.

**6. Contempt of Court § 7—**

A completed act in direct disobedience of a restraining order theretofore issued in the cause may be punished for criminal contempt by the imposition of a fine not exceeding $50; other acts existing and continuing at the time of the order which impede the rights of the parties under such order may be punished as civil contempt.

**7. Contempt of Court § 6—**

Where a prior restraining order issued in the cause enjoins defendant from interfering with the use of a driveway to a service entrance of plaintiff's store, an order entered by the court, upon the hearing of an order to show cause, requiring a canopy constructed by defendant over the driveway to be raised from its constructed height and imposing a fine for each day defendant should fail to raise the canopy after the time limited, *held* erroneous in the absence of evidence that the canopy as constructed interfered in any way with the use of the driveway.

**8. Same—**

Upon the hearing of an order to show cause why defendant should not be held in contempt for wilful violation of a valid court order theretofore entered in the cause, the sole question before the court is whether the terms of the prior order had been violated by defendant, and the court upon such hearing has no authority to modify the order or to exercise affirmative injunctive powers.

Appeal by defendants from *Hobgood, J.*, in Chambers at Louisburg, Franklin County, 8 November 1966.

Defendant Tarrytown Center, Inc., is the owner and lessor of a shopping center complex on the edge of Rocky Mount in Nash County. The shopping center is a mall type complex with all the shops centered off an enclosed mall. By lease dated 29 July 1963, plaintiff became a lessor from Tarrytown Center of store space within the mall. It was alleged in the pleadings and found as a fact by the court below that the lease agreement contained the following provisions:

> Section 25(a). "The landlord covenants and agrees, at Landlord's sole expense, to provide, grade and surface the areas shown or marked 'Parking' on the Plot and Development Plan of the Shopping Center attached hereto as Exhibit 'A' together with sidewalks, aisles, streets and driveways shown thereon, and also to provide adequate water drainage and lighting systems therefor. . . ."
>
> Section 25(c). "The Landlord agrees to provide an adequate and sufficient area adjacent to and adjoining Tenant's service entrance for standing, loading, unloading and otherwise servicing the building demised herein, having access at all times to the driveway described below, and that a paved driveway at least twenty (20) feet in width will be constructed so as to provide a means of ready ingress and egress from said area and from the delivery or service entrance of the building demised herein to the surrounding streets and highways for the purpose of receiving and delivering merchandise and otherwise servicing the demised premises."
>
> Section 25(d). ". . . The Landlord shall keep said parking areas, sidewalks, streets, aisles, driveways, service and common areas unobstructed. . . ."
>
> Section 25(e). "Landlord covenants and agrees that during the term of this lease or any renewal thereof, it will not, except within the area indicated as 'future expansion', erect any building or permit any obstruction of any portion of the common areas shown on the Plot and Development Plan attached

hereto and marked Exhibit 'A', which was provided for park-
ing, aisles, walks, drives, entrances, exits, service areas, etc."

Attached to the lease and made a part thereof as Exhibit "A"
was a schematic diagram or plot of the shopping center complex.
According to this plot, a street or drive runs westerly off U. S. High-
way 301, and along the north side of plaintiff's store within the
shopping center. Directly north of, and bordering on this street, is
a rectangle, marked off in dotted lines and designated on the plot
as "Future Department Store."

Plaintiff alleges, *inter alia*, that on or about 15 March 1966, de-
fendant Tarrytown Center, through its agent, servant and employee,
defendant Tarrytown Development Company, began construction
of a building on the north side of the street or drive that runs west
off U. S. Highway 301 and along the north side of plaintiff's store;
that the building under construction extends beyond the area marked
"Future Department Store" on the plot and will thereby take up
space which might otherwise be used by plaintiff's customers for
parking space; and that in the course of construction defendants
have blocked, obstructed, torn up, and otherwise made impassable
the street running on the north side of plaintiff's store, all in viola-
tion of the lease agreement, and to plaintiff's injury. Plaintiff prayed
that defendants be permanently enjoined from violating the terms
of the lease agreement and that they be required to appear and show
cause why a temporary restraining order should not be issued.

After due notice, Braswell, J., held a hearing, found facts, and
entered an order dated 27 May 1966, enjoining defendants from
"obstructing or causing to be obstructed the area described in Para-
graph 4 (the driveway in question) . . . in any manner whatso-
ever that may invade, interfere with, obstruct, delay or otherwise
prevent free flow of vehicular or pedestrian traffic within the con-
fines of said area . . . until the final hearing of this action upon
its merits." The order provides, however, that defendants could con-
struct a canopy or other covering over the driveway so long as it
was at least 14 feet 6 inches above the surface below at its lowest
part. The order further provided that defendants could continue con-
struction of the building.

Thereafter, on 23 September 1966 plaintiff petitioned the court
to order the defendants to appear and show cause why they should
not be held in contempt of court for violating the temporary re-
straining order. In support of the petition, plaintiff alleged and
offered evidence tending to show, *inter alia*, that defendants had
constructed a terrazo walkway across the drive which had a sur-

face area some five (5) inches above the surface of the drive, thereby obstructing the flow of vehicular traffic; that defendants had placed ladders, scaffolds, and building materials in the driveway and had placed strings across the driveway, thereby completely closing off traffic at times; that defendants had constructed a canopy at a height of less than 14 feet 6 inches from the surface area; and that defendants had hung sliding doors from the canopy which were maintained by a watchman and were opened only when vehicles approached and wished to pass over the terrazo walkway.

At hearing regularly held, Hobgood, J., found facts and entered an order fining defendants in the amount of $250 and further ordering that defendants:

> ". . . immediately cause said doors to be removed from the canopy herein described and the said driveway henceforth be left open and unobstructed at all times; that lines indicating the center of said driveway be marked in yellow paint upon said driveway by said defendants; and the word 'driveway' be written across said driveway at either end thereof in yellow paint by said defendants; that said canopy be raised to a height of 14 feet 6 inches above the surface of said driveway and a sign entitled 'Driveway Clearance 14 feet 6 inches' be placed at either end of the canopy where the same crosses said driveway, and that within the area covered by said canopy adequate warning signs be posted to protect pedestrians against vehicular traffic using said driveway, and partitions and doors be erected on each side of said driveway to permit the proper heating and air conditioning of said mall exclusive of the area occupied by said driveway, . . ."

Defendants were given two weeks to comply with the order, and it was further provided that they were to pay a fine of $250 a day every day thereafter until all conditions of the order were met.

Defendants appealed.

*Perry, Kittrell, Blackburn & Blackburn for appellee, Rose's Stores, Inc.*

*Battle, Winslow, Scott & Wiley; Simpson, Thacher & Bartlett for defendants; Robert M. Wiley and John A. Guzzetta and David R. Solin of Counsel.*

BRANCH, J. The questions presented by this appeal are:

1. Was there evidence to support the finding that the temporary restraining order was violated?

2. Was there evidence to support the finding that the appellants wilfully violated the terms of the temporary restraining order?

3. Was the court's order punishing defendants for contempt and requiring them to perform certain affirmative acts properly entered?

4. Did the court err .in finding as a fact that defendants violated the temporary restraining order by building a canopy at a height of less than 14 feet 6 inches? .

The temporary restraining order entered by Judge Braswell on 27 May 1966 was not void. Neither appellants nor appellee appealed from the order, and they are thus bound to respect its terms. *Nobles v. Roberson,* 212 N.C. 334, 193 S.E. 420.

The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence, *Cotton Mill Co. v. Textile Workers Union,* 234 N.C. 545, 67 S.E. 2d 755, and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *In re Adams,* 218 N.C. 379, 11 S.E. 2d 163.

Plaintiff offered evidence tending to show that sliding doors were hung so as to give the appearance that the driveway was closed to through traffic, and which in fact did impede through traffic in that a watchman was required to open the doors when an automobile approached and then precede the car through the mall to open and close the second door. On occasion the watchman detained operators of vehicles for the purpose of asking questions. It also appears that during the process of construction the driveway was broken up and covered with dirt; trucks, ladders and building materials were left in the driveway; and, for a period of time, strings were put across the driveway. Thus, there was plenary competent evidence for the trial judge to find facts sufficient to warrant the finding that the acts "interfered with, obstructed, delayed and prevented the free flow of vehicular and pedestrian traffic along said driveway."

Defendants' contention that there was not sufficient evidence to support the finding they wilfully violated the terms of the temporary restraining order cannot be sustained.

In the case of *Weston v. Lumber Co.,* 158 N.C. 270, 73 S.E. 799, defendants were enjoined from cutting timber on land, the title to which was in dispute. Defendants, upon their own survey and without acquiescence of the court or plaintiff, cut timber in the disputed territory. Finding no error in the trial judge's judgment ruling defendants in contempt, this Court held:

"We have high authority for saying that a party enjoined must not do the prohibited thing, nor permit it to be done by his connivance, nor effect it by trick or evasion. He must do nothing, directly or indirectly, that will render the order ineffectual, either wholly or partially so. The order of the court must be obeyed implicitly, according to its spirit and in good faith. Rapalje on Contempt, sec. 40. The motive for violating the order is not considered in passing upon the question of contempt, and the respondent cannot purge himself by a disavowal of any wrong intent. It is the fact of his obedience that alone will be considered."

The Court, considering the same question in *Cotton Mills v. Abrams*, 231 N.C. 431, 57 S.E. 2d 803, held:

"The oath of a contemner is no longer a bar to a prosecution for contempt. 'The question is not whether the respondent intended to show his contempt for the court, but whether he intentionally did the acts which were a contempt of the court.' *In re Fountain*, 182 N.C. 49, 108 S.E. 342, 18 A.L.R. 208; *In re Parker*, 177 N.C. 463, 99 S.E. 342; *Herring v. Pugh*, 126 N.C. 852; *In re Young*, 137 N.C. 552; *In re Gorham*, 129 N.C. 481.

" 'The violation of a judicial mandate stands upon different ground, and the only inquiry is, whether its requirements have been wilfully disregarded. If the act is intentional, and violates the order, the penalty is incurred, whether an indignity to the Court or a contempt of its authority, was or was not the motive for it.' *Green v. Griffin*, 95 N.C. 50; *Nobles v. Roberson*, 212 N.C. 334.

"The respondents having sought to purge themselves, the burden was on them to establish facts sufficient for that purpose."

See also *Herring v. Pugh*, 126 N.C. 852, 36 S.E. 287; *In re T. J. Parker*, 177 N.C. 463, 99 S.E. 342.

Here, the defendants committed acts which clearly violated the terms of Judge Braswell's order when they had it in their power to obey its terms. They have failed to show facts sufficient to purge themselves.

Appellants contend that the court's order punishing them for contempt and requiring them to perform certain affirmative acts was improperly entered. In order to determine this question, we must consider the law governing contempt in this jurisdiction.

*Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345, holds:

"A person guilty of any of the acts or omissions enumerated in the eight subsections of G.S. 5-1 may be punished for contempt because such acts or omissions have a direct tendency to interrupt the proceedings of the court or to impair the respect due to its authority. A person guilty of any of the acts or neglects catalogued in the seven subdivisions of G.S. 5-8 is punishable as for contempt because such acts or neglects tend to defeat, impair, impede, or prejudice the rights or remedies of a party to an action pending in court.

"It is essential to the due administration of justice in this field of the law that the fundamental distinction between a proceeding for contempt under G.S. 5-1 and a proceeding as for contempt under G.S. 5-8 be recognized and enforced. The importance of the distinction lies in differences in the procedure, the punishment, and the right of review established by law for the two proceedings."

The procedure to punish *as for contempt* is by order to show cause based upon a petition, affidavit or other proper verification charging a wilful violation of an order of court. G.S. 5-7 and G.S. 5-9. Contempt committed in the actual or constructive presence of the court may be punished summarily. G.S. 5-5.

In *Erwin Mills v. Textile Workers Union,* 234 N.C. 321, 67 S.E. 2d 372, this Court stated:

". . . And whether the movent uses a petition or other document to obtain an order to show cause in such proceeding, it is the affidavit or verification that imports the verity to the charge of violating the judgment or order of the court, which is required upon which to base an order to show cause in such instances. G.S. 5-7; *Safie Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577; *In re Deaton,* 105 N.C. 59, 11 S.E. 244."

The court must specify the particulars of the offense on the record by stating the words, acts or gestures amounting to direct contempt, and when the record contains only conclusions that contemnor was contemptuous, contemnor is entitled to his discharge. *In re Burton,* 257 N.C. 534, 126 S.E. 2d 581.

The punishment as to matters punishable *for contempt* is limited to a fine not to exceed $250 or imprisonment not to exceed thirty days, or both, in the discretion of the court. G.S. 5-4. However, punishment *as for contempt* is not limited by the terms of this statute.

The right of review in proceedings *for contempt* is regulated by G.S. 5-2, which denies to persons adjudged guilty of contempt in

the Superior Court the right of appeal to the Supreme Court except in cases arising under subsections 4 and 5 of G.S. 5-1, where the contempt is not committed in the presence of the court. G.S. 5-2 has no application, however, to proceedings *as for contempt* under G.S. 5-8, and as a result a person who is penalized *as for contempt* may obtain a review of the judgment entered against him by a direct appeal to the Supreme Court. *Luther v. Luther, supra.*

In the instant case there is a violation of a temporary restraining order in a civil action, and the proceeding was properly before the court on the petition of plaintiff seeking to coerce defendants into compliance with the court's order. The procedure for punishment as for contempt has been followed and the appeal is properly before us.

Criminal contempt or punishment *for contempt* is applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. Civil contempt or punishment *as for contempt* is applied to a continuing act, and the proceeding is had " 'to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties.' " *Dyer v. Dyer*, 213 N.C. 634, 197 S.E. 157.

There are certain instances where contemnors may be punished for both criminal contempt, *i.e., for contempt*, and for civil contempt, *i.e., as for contempt, Galyon v. Stutts*, 241 N.C. 120, 84 S.E. 2d 822. Such appears to be the case here. Since the only limitation as to punishment relates to G.S. 5-1, and is within those bounds, we conclude that the imposition of fine and the amount thereof was proper. Defendants' completed acts, such as temporarily placing a string across the driveway and temporarily leaving trucks in the driveway, were acts which tended to impair the respect due to the court's authority and were punishable *for contempt;* whereas, the acts which existed and continued at the time of the order, such as the placing of sliding doors across the driveway, were punishable *as for contempt*, because such acts impeded, impaired, or prejudiced the rights of plaintiff in the pending action. *Galyon v. Stutts, supra.*

In this connection, there was competent evidence that the defendants did not build the canopy exactly to the height of 14 feet 6 inches as required by Judge Braswell's order. Concededly this variation might permit punishment *for contempt*, but there is no competent evidence to support the finding by the court that the variance in the height of the canopy has interfered with, obstructed, delayed and prevented free flow of vehicular and pedestrian traffic along said driveway, contrary to the provisions of the temporary

restraining order. Moreover, the record reveals that plaintiff did not contend the height of the canopy interfered with, obstructed, delayed and prevented the free flow of vehicular and pedestrian traffic along said driveway. This was indicated by the following statement of plaintiff's counsel: "Now, your Honor, while we are not going to abandon our contention that the canopy is lower than it should be, which is a violation of Judge Braswell's order, we are not going to ask necessarily to ask that they raise the roof or make them raise the roof, or anything of that sort." Thus, that part of the order which held the defendants in continuous contempt and imposed a fine of $250 per day on each defendant for continuous contempt was not proper for violation of the order relative to the height of the canopy. The entry of judgment *as for contempt* as to other violations of Judge Braswell's order was proper, except such parts of the order as required defendants to do affirmative acts beyond those required in the order of Judge Braswell. The sole question before Judge Hobgood was whether the order entered by Judge Braswell had been violated. He had no authority to modify the order. *Williamson v. High Point*, 214 N.C. 693, 200 S.E. 388. Nor did he have the authority to exercise affirmative injunctive powers. He could only *punish for contempt* or *as for contempt*.

The order of Hobgood, J., is vacated and the cause remanded to the Superior Court of Vance County for entry of judgment in accord with this opinion.

Error and remanded.