DOVIE M. CARROLL v. ELMORE LEWIS SANDLIN

No. 724DC763

(Filed 20 December 1972)

Contempt of Court § 6; Divorce and Alimony § 21— failure to pay child support — contempt proceeding — means to make payments

In a hearing upon an order to show cause why defendant should not be held in contempt for failure to make child support payments as ordered by the court, the evidence was sufficient to support the court's finding that defendant possessed the ability and means to make the payments he had been ordered to make.

APPEAL by defendant from *Crumpler, District Judge,* 5 June 1972 Session of District Court held in DUPLIN County.

This matter was heard upon an order entered on plaintiff's motion in the cause directing defendant to show cause why he should not be adjudged in willful contempt for failure to comply with a previous order of the District Court which had been entered in this case on 25 August 1971 in which defendant had been ordered to pay $200.00 per month for the support of two minor children of the parties. After hearing evidence of both parties, the court found that defendant's admitted failure to comply was willful and without just cause or excuse, adjudged him in contempt, and ordered him confined in the Duplin County jail for a term of thirty days, or until he shall show compliance, whichever is earlier. Defendant appealed.

*Russell J. Lanier, Jr. for plaintiff appellee.*

*Grady Mercer for defendant appellant.*

PARKER, Judge.

By this appeal defendant challenges the sufficiency of the evidence to support the trial court's findings of fact and the sufficiency of the findings to support the judgment. The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence, and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 206, 154 S.E. 2d 313. While the evidence in the present case was conflicting and differing inferences could legitimately be drawn therefrom, in our opinion it was sufficient to support the crucial finding made by the trial court to the effect that, since the entry of the previous order and at time of entry of the order finding him in willful contempt, defendant possessed the ability and the means to make the child support payments which he had been ordered to make. Thus, the essential finding which the Supreme Court found missing in *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391, and *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867, was here made. Since defendant admitted he had failed to comply with the court's order and the court on competent evidence has found he possessed the means to do so, the judgment finding him in willful contempt and imposing punishment therefor is

Affirmed.

Judges CAMPBELL and MORRIS concur.