STEVE WEBB, T/A SNOOPY'S v. THE CITY OF RALEIGH

No. 8710SC635

(Filed 19 January 1988)

**Municipal Corporations § 30.13— outdoor banner containing political message—no regulation by city sign ordinance**

Plaintiff's banner which he displayed on the exterior wall of his place of business without first obtaining a permit was neither regulated nor prohibited by the Raleigh Sign Control Ordinance, since the banner contained a political message rather than commercial advertising.

APPEAL by plaintiff from *Henry W. Hight, Judge.* Judgment entered 28 April 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 4 December 1987.

*DeBank, McDaniel, Heidgerd, Holbrook & Anderson, by L. Bruce McDaniel for plaintiff-appellant.*

*Associate City Attorney Elizabeth C. Murphy for defendant-appellee.*

BECTON, Judge.

Plaintiff Steve Webb t/a Snoopy's, Solomon Brown t/a Brown Alignment Service, and Byrd's Mobile Unit, Inc. t/a the Dairy Freeze brought an action against the City of Raleigh on 13 July 1979 challenging the constitutionality of the Raleigh Sign Control Ordinance. Plaintiffs' action was consolidated with a similar, earlier, action by Goodman Toyota, Inc. After a trial, judgment was entered in Wake County Superior Court on 20 November 1981 upholding the Raleigh Sign Control Ordinance. The trial

Webb v. City of Raleigh

judge also ordered plaintiffs to "cease and abate from continued or further violation of [the] ordinance."

In April 1987, Steve Webb was ordered to show cause why he should not be held in contempt for violating the 20 November 1981 judgment because he displayed a banner on the exterior wall of "Snoopy's" (his place of business) without first obtaining a permit. The banner contained a political message. The trial judge entered an order holding Webb in contempt of court. Webb appeals. We vacate the contempt order.

Steve Webb makes three arguments on appeal; however, both Webb and the City of Raleigh agreed in oral argument that the propriety of the contempt order is contingent on the meaning of finding of fact number 14 of the 20 November 1981 judgment which provides:

14. That the Raleigh Sign Control Ordinance does not regulate the color, exterior architectural feature, or style of signs, *nor does it prohibit signs carrying noncommercial* advertising and messages. (emphasis added)

Steve Webb's banner contained a political, and thus, "noncommercial," message. He therefore contends that the Raleigh Sign Control Ordinance, at least insofar as it was interpreted in the 20 November 1981 judgment, did not apply to his banner. We agree.

Finding of fact number 14, standing alone, suggests that Webb's banner, containing a political message, is neither regulated nor prohibited by the Raleigh Sign Control Ordinance. One cannot be held in contempt of a court order unless his act violates the order. *See Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 206, 212, 154 S.E. 2d 313, 317 (1967). Webb did not violate the 20 November 1981 order.

Judgment is vacated.

Judges EAGLES and COZORT concur.