DANA WALDROUP MIDDLETON, Plaintiff v. HAROLD EUGENE MIDDLETON, Defendant

No. COA02-1487

(Filed 15 July 2003)

1. **Contempt— compliance with consent provisions—violation of spirit**

   The trial court did not err by finding defendant in contempt of an equitable distribution consent order requiring the sale of the home. Although defendant contended that he complied with all of the provisions of the order, he violated its spirit and intent by taking willful and deliberate action to make the house unattractive and undesirable to prospective purchasers.

2. **Contempt— attorney fees—pursuit of contempt order**

   The trial court did not err by awarding attorney fees to plaintiff in an action seeking to enforce a consent judgment through contempt. The contempt power of the district court includes the authority to award attorney fees as a condition of purging contempt for failure to comply with an order; plaintiff's counsel submitted an affidavit to support the request for attorney's fees; defendant did not take exception to the finding that attorney fees were incurred; and the trial court's award was $500 less than requested.

Appeal by defendant from an order entered 6 April 2002 by Judge John J. Snow, Jr., in Jackson County District Court. Heard in the Court of Appeals 7 July 2003.

*Kay S. Murray for plaintiff-appellee.*

*Brown Queen Patten & Jenkins, PA, by Frank G. Queen, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Harold Eugene Middleton, appeals a trial court order finding him in contempt of a consent judgment. For the reasons discussed herein, we affirm the trial court's determination.

Plaintiff, Dana Waldroup Middleton, and defendant were married on 24 July 1961 and were divorced on 31 December 2001. On 10 October 2001, plaintiff and defendant entered into a mediated settlement agreement, entered as a consent judgment on 12 November 2001, settling issues of equitable distribution between the parties. Paragraph 5 of the consent judgment provided that:

> [t]he former marital residence and all adjoining property . . . shall be listed in priority order with Doug Sinquefield, Bobby Potts, and Wanda Jones, and put on the market no later than November 1, 2001 . . . The Husband shall remain in the home and pay all taxes and maintenance thereon until the sale of the house. The Parties agree to list the property at a price determined by the above realtor(s).

On 8 February 2002, plaintiff filed a motion for an order to show cause asking that defendant be found in contempt of the consent order. Plaintiff alleged that defendant had taken actions to thwart the sale of the home, including: (1) refusing to allow the house to be shown until 24 January 2002, almost three months after the house was to be put on the market; (2) draping a pair of plaintiff's underwear on a sign outside of the house; (3) posting a no trespassing sign outside the house with a list of plaintiff's putative lovers; (4) leaving notes on a bed, calling attention to stains on the bed; (5) leaving other inappropriate notes and poems around the house; and (6) leaving the house cluttered and in disarray.

On 8 April 2002, the trial court entered an order finding defendant in contempt. The trial court found that several of the conditions alleged by plaintiff existed on 24 January 2002, when the house was shown to prospective buyers, and continued to exist on the date of the hearing. Additionally, the court cited plaintiff's testimony and found that the "Husband has said he will not sell the house but will give it away." Thus, the court concluded that defendant was in civil contempt for violation of paragraph 5 of the consent agreement. The court stated that the condition of the marital residence "thwarted the sale of the former marital residence and was designed to embarrass

the [plaintiff]." The court further concluded that the condition of the house when shown to prospective buyers violated the "spirit" of the consent agreement. Accordingly, the court ordered that defendant: (1) be confined to jail, but stayed the confinement; (2) clean up the marital residence, take down offending signs, and make the house presentable when shown to prospective buyers; (3) allow inspection of the home by plaintiff; (4) vacate the premises for a reasonable period of time in advance of a showing to allow plaintiff to enter the home to make certain it was presentable; and (5) pay attorney fees in the amount of $1000. Defendant appeals.

**[1]** In his first assignment of error, defendant argues that the trial court erred in finding him in contempt. We disagree.

Defendant contends that he complied with every provision of the consent agreement, and that the finding of contempt was based on conduct not addressed in the consent agreement. He further contends that because he did not violate any of the terms of the consent agreement, the trial court's findings of fact do not support a conclusion that he should be held in civil contempt. We disagree.

"The standard of review we follow in a contempt proceeding is 'limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law.' " *Miller v. Miller*, 153 N.C. App. 40, 50, 568 S.E.2d 914, 920 (2002) (*quoting Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997)).

Our Supreme Court, in determining whether a party was in contempt for violating a temporary restraining order, stated that " '[t]he order of the court must be obeyed implicitly, according to its spirit and in good faith.' " *Rose's Stores, Inc. v. Tarrytown Center, Inc.*, 270 N.C. 206, 212, 154 S.E.2d 313, 317 (1967) (*quoting Weston v. John L. Roper Lumber Co.*, 158 N.C. 270, 73 S.E. 799 (1912)). A party " 'must do nothing, directly or indirectly, that will render the order ineffectual, either wholly or partially so.' " *Id. See also American Tel. & Tel. Co. v. Griffin*, 39 N.C. App. 721, 726, 251 S.E.2d 885, 888, *cert. denied*, 297 N.C. 304, 254 S.E.2d 921 (1979) (telephone and electric companies found in contempt for violating the "spirit" of the discovery order). Here, defendant took willful and deliberate action with the intent to make the house unattractive and undesirable to prospective purchasers and thus thwart the sale of the home. Defendant violated the spirit and intent of the order, which was to effectuate the sale of

MIDDLETON v. MIDDLETON

[159 N.C. App. 224 (2003)]

the marital home in accordance with the agreement of equitable distribution. Accordingly, the trial court properly concluded, based on its findings of fact, that defendant was in contempt of the consent judgment. This assignment of error is without merit.

**[2]** In his second assignment of error, defendant argues that the trial court erred by awarding attorney fees to plaintiff. Defendant argues that the court lacked statutory authority to award attorney fees, and there was inadequate evidence to support a conclusion that the amount of fees was reasonable. We disagree.

Plaintiff's counsel submitted an affidavit to support the request for attorney's fees, and defendant did not take exception to the court's finding that attorney fees were incurred. After reviewing the affidavit, the trial court's award of "reasonable" attorney fees was $500 less than requested. Plaintiff sought to recover attorney fees incurred while enforcing the consent judgment which settled the issue of equitable distribution between the parties. This Court has held that the contempt power of the district court includes the authority to award attorney fees as a condition of purging contempt for failure to comply with an order. *See Hartsell v. Hartsell*, 99 N.C. App. 380, 390, 393 S.E.2d 570, 576, *appeal dismissed, rev. denied*, 327 N.C. 482, 397 S.E.2d 218 (1990) (citing *Conrad v. Conrad*, 82 N.C. App. 758, 759-60, 348 S.E.2d 349, 349-50 (1986)). Thus, this assignment of error is without merit.

AFFIRMED.

Judges WYNN and TYSON concur.