STATE OF NORTH CAROLINA v. THEODORE JERRY WILLIAMS

No. COA07-1080

(Filed 6 May 2008)

## 1. Discovery— missing booking photographs and a poster— findings supported by evidence

In a prosecution for assault on a government officer, the court's findings about missing booking photographs showing defendant's injuries and a poster mocking defendant were supported by the evidence or were unnecessary to the court's ultimate conclusions.

## 2. Discovery— missing booking photographs and a poster— relevance—conclusions supported by findings

In a prosecution for assault on a government officer, the court's findings supported its conclusions about the relevance of missing booking photographs showing injuries to defendant, as well as a poster mocking defendant. The crime with which defendant was charged arose from the incident which gave rise to the injuries depicted in the second photograph.

## 3. Discovery— State's willful destruction of evidence—timeliness of defendant's request for the evidence

There was no error in the trial court's finding that a poster mocking a defendant charged with assaulting a government official was willfully destroyed and that defendant had made a valid and timely request for the evidence. Although the State argued that there was no evidence that the poster still existed when defendant subpoenaed it, the State did not offer evidence that the poster did not exist at that time.

## 4. Discovery— booking photographs—not available to defendant—conclusion supported by evidence

The trial court's conclusion that booking photographs showing injuries to a defendant charged with assaulting a gov-

STATE v. WILLIAMS

[190 N.C. App. 301 (2008)]

ernment official were not available to defendant was supported by the findings.

**5. Constitutional Law— destruction of evidence—not available at trial—due process**

The trial court correctly concluded that evidence that had been destroyed before trial would not have been available at trial, and that this deprived a defendant of his constitutional rights.

**6. Constitutional Law— due process—destruction of material and exculpatory evidence**

The State suppressed material and exculpatory evidence and flagrantly violated the due process rights of a defendant charged with assault on a government official where a poster mocking defendant and showing booking photographs of the injured defendant was destroyed. The missing poster would have been admissible as impeachment evidence and was relevant to any defense, including self-defense.

**7. Criminal Law— destruction of evidence—irreparable harm—use of substitutes**

A defendant charged with assaulting a government official was irreparably harmed by the destruction of booking photographs showing his injuries and a poster mocking him, despite the State's contention that defendant could have reproduced the poster or called witnesses to testify about its contents.

Judge TYSON dissenting.

Appeal by the State from order entered 18 January 2007 by Judge James E. Hardin in Superior Court, Union County. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Richard E. Jester for Defendant-Appellee.*

McGEE, Judge.

The State of North Carolina (the State) appeals from an order dismissing the charge of felony assault on a government officer or employee against Theodore Jerry Williams (Defendant). For the reasons set forth herein, we affirm.

**STATE v. WILLIAMS**

[190 N.C. App. 301 (2008)]

Defendant was charged with misdemeanor assault on a government official or employee on 20 April 2004. Defendant was then indicted on 1 November 2004 for felony assault on a government officer or employee and for having attained the status of habitual felon. The habitual felon indictment alleged that Defendant previously had been convicted of the following felonies: (1) breaking or entering a motor vehicle; (2) assault with a deadly weapon with intent to kill inflicting serious injury; and (3) possession of cocaine. The grand jury returned a superseding indictment on 30 October 2006, charging Defendant with felony assault on a government officer or employee. Specifically, the superseding indictment stated that Defendant

> unlawfully, willfully and feloniously did assault and strike Brad Mosely, a government officer of the Union County Sheriff's Office by punching him. At the time of the offense, the officer was attempting to discharge the following duty of that office: removing . . . [D]efendant from a holding cell in the Union County Jail.

Defendant filed a *pro se* motion to "dismiss for prosecutorial misconduct and *Brady* violation N.C.G.S. § 15A-954" on 28 November 2006. In his motion, Defendant alleged that since 19 April 2004, he had been "the victim of a vicious conspiracy between Stanly and Union County Law Enforcement and Prosecutors . . . to retaliate against . . . [D]efendant for the filing of a civil rights complaint . . . against [an] Assistant District Attorney, . . . [the] Stanly County Sheriff, . . . and the Stanly County Commissioners." Defendant further alleged that Stanly County Sheriff's Deputy Jeffrey Brafford and Stanly County Assistant District Attorney Nicholas Vlahos had created and displayed a two-picture "poster" of Defendant, in which

> the first picture showed . . . [D]efendant to be unmarked and in good health, with the words, "Before He Sued The DA's Office" written above it. The second picture was located directly below the first picture and showed . . . [D]efendant to be badly beaten and bruised, with the words "After He Sued The DA's Office" written above it.

Defendant asserted that "by and through counsel, . . . [Defendant] [had] made known [his] intent to use this 'poster' in his defense by motion in Union County Superior Court on March 23, 2005[.]" Defendant also alleged that he had subpoenaed Assistant District Attorneys Patrick Nadolski and Steve Higdon to produce the poster. Defendant further argued that those assistant district attorneys "willfully and intentionally destroyed the poster[.]" Defendant argued that

"the intentional destruction of . . . potentially exculpatory evidence by prosecutors . . . created such irreparable prejudice to . . . [D]efendant's preparation of his case that there is no remedy but to dismiss the prosecution."

The trial court heard evidence and arguments on 18 January 2007, and announced its ruling in open court. The State did not present evidence and did not cross-examine Defendant's witnesses. The trial court made the following findings of fact:

1) That on November 17th of 2003 . . . Defendant was arrested in Stanly County for alleged violations not related to this prosecution and at that time . . . Defendant was processed into the Stanly County Jail.

2) That upon processing, the staff of the Stanly County Jail made an identification photograph of . . . Defendant. The photograph of . . . Defendant did not reveal that he had sustained any injuries during his apprehension or processing.

3) That during the February-March 2004 time period, . . . Defendant sued the Assistant District Attorney Nicholas Vlahos, Union County Sheriff Tony Frick, and the Union County Commissioners in various courts, alleging, in essence, unlawful detention.

4) That on April the 19th of 2004 . . . Defendant was transported [from Stanly County] to Union County for processing regarding criminal violations alleged to have been committed by . . . Defendant in Union County.

5) That later on that same day, April the 19th, 2004, . . . Defendant was transported back to Stanly County, to the Stanly County Jail, in a manner and for reasons that . . . Defendant alleges violated his United States Constitutional rights. . . . Defendant alleges that he correspondingly complained of this to the detention officers of Stanly County.

6) . . . Defendant alleges that [while he was in Union County] he was assaulted by various officers and members of the Union County Jail. One of them was Deputy Brad Moseley. This incident is the subject of this prosecution and in an indictment it alleges that . . . Defendant assaulted a government official by punching in the face [of] Deputy Moseley. That on April the 20th, 2004, . . . Defendant was photographed by the staff of the Stanly County Jail in order to complete the in-processing of . . . Defendant.

7) That the photograph of . . . Defendant made on April 20th, 2004, showed . . . Defendant's condition during a time relevant to the subject prosecution.

8) That in May of 2004, Detention Officer Becky Green of the Stanly County Sheriff's Office went on an unrelated matter to the Stanly County office of the District Attorney for the 20th Prosecutorial District, that while in the office Ms. Green saw a poster which contained two photographs of . . . Defendant. One photograph of . . . Defendant was made when . . . Defendant was processed into the jail on November 17th of 2003, with a caption saying, in quotation, "Before suing the District Attorney's office," closed quotation, and a second photograph of . . . Defendant that was made when . . . Defendant was processed back into the Stanly County Jail between April 19th and 20th of 2004, which showed . . . Defendant's injuries and was captioned . . . "After he sued the District Attorney's office," . . . and that this poster was in the portion of the District Attorney's office occupied by Assistant District Attorneys Nicholas Vlahos and Steve Higdon.

9) That during proceedings regarding this case and upon the request of . . . Defendant for discovery and disclosure that Assistant District Attorney Higdon stated in open court that the poster had been destroyed and was not available, and that the subject photographs originally taken at the Stanly County Jail were not available as well.

Based upon these findings of fact, the trial court concluded:

1) That the photographs of . . . Defendant made during his processing into the Stanly County Jail on November 17th of 2003 and again between April the 19th and 20th of 2004 are relevant and material to the defense of the subject prosecution.

2) That the poster of the photographs described herein was willfully destroyed and not made available to . . . Defendant although . . . Defendant made a valid and timely request for same.

3) That the original photographs described herein have not been made available and as represented by the State of North Carolina are unavailable to . . . Defendant, even though implicitly requested by . . . Defendant.

4) That due to the destruction or failure of the State to provide this evidence, which is material and may be exculpatory in nature, . . . Defendant's rights pursuant to the Constitution of the

United States and the North Carolina Constitution have been fla-grantly violated and there is such irreparable prejudice to . . . Defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

The trial court dismissed the charge of felony assault on a govern-ment officer or employee, and stated as follows: "I suggest that you dismiss [the habitual felon charge], unless [the State has] got another charge to attach to." The State appeals.

[1] The State argues "the trial court abused its discretion in dismiss-ing the prosecution against Defendant, as the trial court's findings of fact and conclusions of law were unsupported and erroneous." N.C. Gen. Stat. § 15A-954(a)(4) (2007) provides:

The court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that:

. . .

(4) The defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defend-ant's preparation of his case that there is no remedy but to dismiss the prosecution.

On appeal, our review

is strictly limited to determining whether the trial judge's under-lying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ulti-mate conclusions of law. Indeed, an appellate court accords great deference to the trial court in this respect because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those find-ings, render a legal decision, in the first instance, as to whether or not a constitutional violation of some kind has occurred.

*State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619-20 (1982) (citations omitted). We apply *de novo* review to a trial court's conclu-sions of law. *State v. Hernandez*, 170 N.C. App. 299, 304, 612 S.E.2d 420, 423 (2005).

The State argues that the trial court's findings of fact four, five, six, seven, eight, and nine were not supported by the evidence and that the conclusions of law based on those findings were erroneous.

Defendant concedes that finding of fact number four is unsupported by any competent evidence because the 18 January 2007 evidentiary hearing on Defendant's motion to dismiss did not reflect the reason Defendant was transported to Union County. However, this finding of fact is unnecessary to the trial court's ultimate conclusions of law and ruling.

After a thorough review of the record and transcripts on appeal, we determine that findings of fact five through eight are supported by competent evidence and are binding on appeal. *See Cooke*, 306 N.C. at 134, 291 S.E.2d at 619.

We next determine whether finding of fact number nine was supported by competent evidence. We hold that it was. The State argues that finding of fact number nine was unsupported because there was evidence that Defendant had the original photographs that were used in making the poster. However, Defendant testified that he did not have the original photographs, and the trial court accepted Defendant's testimony. *See State v. Smith*, 278 N.C. 36, 41, 178 S.E.2d 597, 601, *cert. denied*, 403 U.S. 934, 29 L. Ed. 2d 715 (1971) (recognizing that "[w]here the evidence is conflicting (as here), the judge must resolve the conflict. He sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth."). Nevertheless, even if Defendant had the original photographs, that evidence was irrelevant to the challenged finding of fact. At an 11 July 2005 pre-trial hearing in unrelated cases against Defendant in Stanly County, the transcript of which was introduced at the hearing in the present case, Assistant District Attorney Stephen Higdon stated: "I don't have any problem making this admission. [The poster] did exist. It was removed." Assistant District Attorney Higdon then stated: "[The poster] has been destroyed." This testimony fully supports that portion of the trial court's finding of fact number nine that states "Assistant District Attorney Higdon stated in open court that the poster had been destroyed and was not available . . . ."

We also hold that the evidence supports the remaining portion of finding of fact number nine. At the 11 July 2005 hearing, Assistant District Attorney Higdon stated that the photographs had been "given to [Assistant District Attorney Nicholas] Vlahos" and had been "destroyed." This testimony fully supports the portion of the finding concerning the photographs. Thus, with the exception of finding of fact number four, all of the trial court's findings are supported by

competent evidence and are conclusive on appeal. *See Cooke*, 306 N.C. at 134, 291 S.E.2d at 619.

[2] Moreover, the trial court's findings fully support its conclusions of law, and the trial court's conclusions of law are correct. In support of its order, the trial court stated as follows:

> I've got to tell you the truth, that I've been in the system now in one form or another since 1979. I spent more than twenty years in the D.A.'s office; I filled five different positions, eleven and a half years as the D.A. Frankly, if I had two assistants that put together a photographic array like this and made a poster and posted it on the wall making fun of a defendant, even if they can't stand him, they would have had a real problem with me. I got a real problem with this poster and it's uncontroverted that it existed in at least one person's office. There's no excuse for that. We're going to treat people with dignity and respect even if they're charged with crimes. That's the right thing to do and I think frankly, as prosecutors, we're held to that responsibility ethically, morally and legally. So it bothers me a great deal that two assistants would poke fun at a defendant, even if they can't stand him.

> As to the irreparable harm, it's uncontroverted that that poster was destroyed. There's no evidence to the contrary. There's no evidence that these photographs have been made available to . . . Defendant, even though a significant amount of time has passed and he has made various requests for those photographs. Frankly, he's not required to disclose to you or me the theory on which he intends to defend his case. But that evidence has been willfully destroyed is a significant problem. And as it relates in particular to the 20 April photograph, that is in—that photograph was made at a relevant time to the subject prosecution and in my opinion is material to the prosecution. He's entitled to it.

We agree with the trial court.

The State argues the poster "had already been destroyed sometime prior to July 2005 and had no relevance to any case arising out of Union County" and that the "poster did not hang in Union County and had nothing to do with the Union County case before Judge Hardin." However, the crime with which Defendant was charged arose out of the incident which gave rise to the injuries depicted in

the second photograph. Accordingly, the poster, and the second photograph, were clearly relevant to the present case. Moreover, at the time the indictments were filed in the present case, Stanly and Union Counties were in the same prosecutorial district. Accordingly, the poster was relevant because it hung in the Office of the District Attorney prosecuting the present case against Defendant.

**[3]** The State also challenges the trial court's conclusion that "the poster of the photographs described herein was willfully destroyed and not made available to . . . Defendant although . . . Defendant made a valid and timely request for same." The State argues this conclusion was unsupported by the findings and the evidence. The State argues that "[i]n order for any request for the poster to have been timely, it would have had to [have] been made before the poster was presumably thrown away" and "[t]here was no evidence that the poster still existed in June or July of 2004, when [D]efendant alleged that he subpoenaed it." However, at the 11 July 2005 pre-trial hearing in Stanly County, Assistant District Attorney Stephen Higdon stated that the poster had been destroyed. Therefore, the only evidence was that the poster was destroyed by 11 July 2005. The State did not offer any evidence that the poster did not exist at the time Defendant subpoenaed it.

**[4]** The State also challenges the trial court's conclusion that "the original photographs described herein have not been made available and as represented by the State of North Carolina are unavailable to . . . Defendant, even though implicitly requested by . . . [D]efendant." However, this conclusion is supported by the trial court's finding that the original photographs were not available and by Defendant's testimony that he did not have copies of the original photographs.

**[5]** The State further argues that the trial court erred by making the following conclusion of law:

> That due to the destruction or failure of the State to provide this evidence, which is material and may be exculpatory in nature, . . . Defendant's rights pursuant to the Constitution of the United States and the North Carolina Constitution have been flagrantly violated and there is such irreparable prejudice to . . . Defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

As reflected in this conclusion of law, the trial court determined that the State's destruction of, or failure to provide, the poster and the

original photographs violated Defendant's due process rights under *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). "To establish a *Brady* violation, a defendant must show (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial." *State v. McNeil*, 155 N.C. App. 540, 542, 574 S.E.2d 145, 147 (2002) (citing *Brady*, 373 U.S. at 87, 10 L. Ed. 2d at 218), *disc. review denied*, 356 N.C. 688, 578 S.E.2d 323 (2003). Under *Brady*, evidence is material "if there is a 'reasonable probability' of a different result had the evidence been disclosed to the defense." *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 494 (1985)).

The State first cites *State v. Hardy*, 293 N.C. 105, 127, 235 S.E.2d 828, 841 (1977), for the proposition that "[d]ue process is concerned that the suppressed evidence might have affected the outcome at trial and not that the suppressed evidence might have aided the defense in preparing for trial." Based upon this authority, the State argues that *Brady* "requires the State only to turn over such information at trial, not prior to trial[.]" However, it is uncontroverted that the photographs and the poster had been destroyed. Therefore, they could not have been produced at trial.

**[6]** The State also argues that the poster and the photographs were neither exculpatory nor material. We disagree.

" '[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt, or to punishment, irrespective of the good faith or bad faith of the prosecution.' " *State v. Holadia*, 149 N.C. App. 248, 256, 561 S.E.2d 514, 520 (2002) (quoting *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215, 218 (1963)), *cert. denied*, 355 N.C. 497, 562 S.E.2d 433 (2002). The duty to disclose such evidence applies irrespective of whether there has been a request by the accused and encompasses impeachment evidence as well as exculpatory evidence. *Id.* at 256, 561 S.E.2d at 520.

*State v. Mack*, 188 N.C. App. 365, 374-75, 656 S.E.2d 1, 9 (2008).

In the present case, the poster would have been admissible as impeachment evidence. Moreover, even if the poster was not relevant to show that Defendant did not commit the charged assault, it was relevant to any defense Defendant could have offered, including self-defense. Accordingly, we hold that the State suppressed ma-

terial and exculpatory evidence and thereby flagrantly violated Defendant's rights to due process of law under *Brady*. *See* N.C.G.S. § 15A-954(a)(4).

**[7]** The State also argues that Defendant was not irreparably prejudiced by the failure of the State to provide the poster because Defendant had the original photographs and could have recreated the poster or could have called witnesses to testify about the contents of the poster. First, as we have already held, Defendant did not have possession of the original photographs and could not have recreated the poster. Second, during the hearing, Defendant tendered the transcript of a trial of unrelated charges against Defendant in Stanly County. In that trial, Defendant attempted to call as a witness a person who had seen the poster to testify to the contents of the poster. As reflected in that transcript, which was included in the record on appeal in the present case, the trial judge in that case sustained the State's objections to testimony regarding the poster content. Therefore, it was probable that the trial court in the present case would have sustained the State's objections to similar testimony and that Defendant would have been unable to present to the jury testimony as to the poster content. Accordingly, we hold Defendant was irreparably prejudiced by the State's failure to provide the poster and the photographs in the present case. *See* N.C.G.S. § 15A-954(a)(4).

Affirmed.

Judge STEPHENS concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge dissenting.

The majority's opinion affirms the trial court's order, which dismissed the charge of felony assault on a government officer or employee against defendant. I vote to reverse and respectfully dissent.

## I. Standard of Review

[T]he scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law. Indeed, an

appellate court accords great deference to the trial court in this respect because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision, in the first instance, as to whether or not a constitutional violation of some kind has occurred.

*State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (internal citations omitted).

## II. Finding of Fact Numbered 9

The parties concede and the majority's opinion agrees that finding of fact numbered 4 is not supported by any competent evidence, but holds the trial court's finding of fact numbered 9 is supported by competent evidence. I disagree.

Finding of fact numbered 9 states:

That during proceedings regarding this case and upon the request of the Defendant for discovery and disclosure that Assistant District Attorney Higdon stated in open court that the poster had been destroyed and was not available, and that the subject photographs originally taken at the Stanly County Jail were not available as well.

The records and transcripts before us do not support "that the subject photographs originally taken at the Stanly County Jail were not available as well." At defendant's 11 July 2005 hearing, defendant's counsel stated:

Your Honor, I have in my hand a copy of [sic] Stanly County Sheriff's Office booking report. It is—it has on it [sic] copy of the photograph, the actual photograph that I saw with my eyes in the clerk's office. This is the photograph that was on the bottom of the paper that said, "After he sued the D.A.'s office."

At defendant's 18 January 2007 hearing, defendant stated:

[Defendant]:  . . . I'm handing you what is marked as Exhibit 3. Do you recognize that photograph right there . . .?

[Witness]:  Yes. It's one that looks like it was taken at the Stanly County Jail.

[Defendant]:  Was that by chance be [sic] the picture where up there it said, before he sued the Stanly County

District Attorney's office? Is that the one that was up there . . . in that poster?

[Witness]:   That was—this is a side shot. It was a face, a complete face.

The transcripts from defendant's 11 July 2005 and 18 January 2007 hearings clearly reveal defendant and his counsel possessed both photographs. Competent evidence does not support the trial court's finding of fact numbered 9, these judicial admissions are binding upon defendant, and no evidence supports the trial court's contrary conclusions of law. *See City of Brevard v. Ritter*, 285 N.C. 576, 580, 206 S.E.2d 151, 154 (1974) (citation omitted) ("Stipulations duly made during the course of a trial constitute judicial admissions binding on the parties and dispensing with the necessity of proof for the duration of the controversy."); *see also State v. Simon*, 185 N.C. App. 247, 255-56, 648 S.E.2d 853, 858 (2007).

### III.  Conclusions of Law Numbered 1, 2, 3, and 4

The majority's opinion also holds that conclusions of law numbered 1, 2, 3, and 4 are supported by the trial court's findings of fact. I disagree.

Conclusions of law numbered 1, 2, 3, and 4 state:

1) That the photographs of the Defendant made during his processing into the Stanly County Jail on November 17th of 2003 and again between April the 19th and 20th of 2004 are relevant and material to the defense of the subject prosecution.

2) That the poster of the photographs described herein was willfully destroyed and not made available to the Defendant although the Defendant made a valid and timely request for same.

3) That the original photographs described herein have not been made available and as represented by the State of North Carolina are unavailable to the Defendant, even though implicitly requested by the Defendant.

4) That due to the destruction or failure of the State to provide this evidence, which is material and may be exculpatory in nature, the Defendant's rights pursuant to the Constitution of the United States and the North Carolina Constitution have been flagrantly violated and there is such irreparable prejudice to the

Defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

No evidence in the record shows and no findings of fact support the trial court's conclusions that: (1) the photographs "are relevant and material to the defense of the [Union County] prosecution[;]" (2) the poster was "willfully destroyed[;]" (3) "the original photographs described herein have not been made available[;]" or (4) "there is such irreparable prejudice to the Defendant's preparation of his [Union County] case that there is no remedy but to dismiss the prosecution." Uncontested evidence shows defendant was in possession of both Stanly County photographs at two separate hearings. No relevance of these photographs is shown to defendant's Union County charges that are presently before us. The trial court's order, which dismissed the Union County indictment against defendant, is unsupported by evidence or findings of fact and should be reversed.

## IV. Conclusion

The trial court's finding of fact numbered 9 is not supported by competent evidence and cannot be used to support the trial court's conclusions of law. *Cooke*, 306 N.C. at 134, 291 S.E.2d at 619. The trial court's remaining findings of fact do not support its conclusions of law numbered 1, 2, 3, and 4. *Id.* Defendant has failed to show any prejudice from the destruction of the poster and particularly any relevance of the Stanly County allegations and actions to the present charges in Union County. The trial court's order, which dismissed the charge of felony assault on a government officer or employee against defendant, should be reversed. I respectfully dissent.